**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.**

RICHARD TONEY,

      **Plaintiff,**                            **CLASS ACTION COMPLAINT**

**v.**

**QUICKEN LOANS, INC.,**                    **DEMAND FOR JURY TRIAL**
**a Michigan corporation,**

      **Defendant.**

_____/

## CLASS ACTION COMPLAINT

Plaintiff ("Plaintiff") files this Class Action Complaint, on behalf of himself and all others similarly situated (the "Class") against Defendant Quicken Loans, Inc., a Michigan corporation ("Defendant" or "Quicken") and alleges as follows:

## NATURE OF ACTION

1.      Defendant violated the Telephone Consumer Protection Act by placing phone calls, using an automatic telephone dialing system to the cellular phones of Plaintiff and the Class, without the express consent of Plaintiff and the Class.

2.      Plaintiff alleges, individually on behalf of the Class defined below, a violation of his fundamental rights, and those of the Class, under the Telephone Consumer Protection Act, ("TCPA").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. § 1331, 47 U.S.C. §227.

4.      The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012). The Court further has

subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (i) at least one member of a putative class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under that section apply to this action.

5.      Venue in this District is proper because Plaintiff resides here, Defendant transacts business in this District, and Defendant placed telephone calls to Plaintiff and members of the Class in this District.

**PARTIES**

6.      Plaintiff Richard Toney is a natural person and citizen of the State of Florida, and a resident of Polk County, Florida.   Mr. Toney is the subscriber and sole user for the cell phone number at issue in this case.[1]

7.      Defendant Quicken Loans, Inc., is a Michigan corporation with its principle place of business at 1050 Woodward Avenue, Detroit, Michigan 48226. Defendant's registered agent for service of process in Florida is CT Corporation, System, 1200 South Pine Island Road, Plantation, Florida 33324.

8.      Defendant claims to be the nation's largest online lender, having helped over 2 million families finance their homes and closing more than $200 billion in mortgage loans across all 50 states since 2013.[2]

---

1      Plaintiff's counsel will provide Defendant's counsel with Plaintiff's cell phone number, which begins with area code 863.

2 *See* http://www.quickenloans.com/about; http://www.quickenloans.com/press-room/fast-facts.

Wites & Kapetan, P.A.
4400 North Federal Highway, Lighthouse Point, FL   33064
(954) 570-8989 (phone); (954) 354-0205 (fax)

## FACTUAL ALLEGATIONS

9.      On December 20, 1991, Congress enacted the TCPA to govern and restrict telemarketing activities conducted via phone and facsimile.   Congress passed the Act based, in part, on the following findings:

(a)      The use of the telephone to market goods and services to the home and other businesses is now pervasive due to the increased use of cost-effective telemarketing techniques.

(b)      Over 30,000 businesses actively telemarket goods and services to business and residential customers.

(c)      More than 300,000 solicitors call more than 18,000,000 Americans every day.

(d)      Total United States sales generated through telemarketing amounted to $435,000,000,000 in 1990, a more than four-fold increase since 1984.

(e)      Unrestricted telemarketing, however, can be an intrusive invasion of privacy and, when an emergency or medical assistance telephone line is seized, a risk to public safety.

(f)      Many consumers are outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers.

(g)      The U.S. Constitution does not prohibit restrictions on commercial telemarketing solicitations.

(h)      Individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices.

(i)      Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

(j)      Technologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.

(k)      Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

(l)     Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce.

Section 2 of Pub. L. 102-243 (Congressional Statement of Findings).

10.     As explained by The United States Supreme Court:

"Unrestricted telemarketing," Congress determined, "can be an intrusive invasion of privacy." TCPA, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings) (internal quotation marks omitted). In particular, Congress reported, "[m]any consumers are outraged over the proliferation of intrusive, nuisance [telemarketing] calls to their homes." *Ibid.* (internal quotation marks omitted). "[A]utomated or prerecorded telephone calls" made to private residences, Congress found, were rightly regarded by recipients as "an invasion of privacy."

*Mims v. Arrow Financial Services, LLC*, 132 Sup. Ct. 740, 745 (2012)(citations omitted).

11.     The TCPA regulates, among other things, the use of automatic telephone dialing systems, which is sometimes called an automated dialer.

12.     "Automatic telephone dialing system" and "automated dialer" means, *inter alia*, any equipment that has the "capacity" to dial numbers without human intervention.

13.     Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of automatic telephone dialing systems to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

14.     On or about October 4, 2016, Defendant utilized an automated dialer to initiate a phone call to Plaintiff's cellular phone and left the following message:

"beep, beep, beep, Hi Richard this Barney calling from Quicken Loans, this message is for Charles.   I have a very important update about his mortgage inquiry.   Please have him give me a call back on my direct line at 480.305.9811 or toll-free at 866.349.8543. I look forward to your call today.   Thank you.

15.     Plaintiff lives in Polk County, and was in Polk Country when he received Defendant's telephone call. Further, Plaintiff is not and was not a party to any contract or other relationship with Defendant.

16.     Plaintiff's name is not Charles; Plaintiff is not known by the name Charles, and has never otherwise used the name Charles to identify himself.

17.     Additionally, Defendant called Plaintiff on his cell phone using an automated dialer at least one other time on October 4, 2016, again looking for Charles.

18.     Defendant also called Plaintiff's cell phone number using an automated dialer prior to October 4, 2016.

19.     Prior to the phone calls on October 4, 2016, when Defendant called Plaintiff's cellphone using their automated dialer looking for Charles, Plaintiff informed Defendant on at least one occasion that he was not Charles, did not know Charles, and asked that Defendant cease placing calls to his cellular telephone number.

20.     Defendant placed many, if not all, of its calls to Plaintiff's cellular telephone from the phone number 800.251.9080.

21.     Defendant's telephone calls placed using an automated dialer to Plaintiff were not for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

22.     Plaintiff has never done business with Defendant.

23.     Plaintiff never gave Defendant express consent to use an automatic telephone dialing system to call Plaintiff's cellular phone.

24.     Plaintiff never gave Defendant express written consent to use an automatic telephone dialing system to call Plaintiff's cellular phone.

Wites & Kapetan, P.A.
4400 North Federal Highway, Lighthouse Point, FL   33064
(954) 570-8989 (phone); (954) 354-0205 (fax)

25.     Defendant's initiation of phone calls to Plaintiff's cellular phone using an automated dialer, whether looking for someone else or for any other reason, is a per se violation of the TCPA.

26.     Plaintiff's experience is not unique.

27.     Like its calls to Plaintiff, Defendant called the Class' (defined below) cellular phones, without their express permission and using an automatic telephone dialing system.

28.     Like its calls to Plaintiff, Defendant's telephone calls placed to the Class' cellular phones using an automated dialer were not for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A), and Defendant did not obtain the prior express consent of the Class to make such calls.

## CLASS ALLEGATIONS

29.     **Class Definition:**     Plaintiff brings this action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and on behalf of all others similarly situated.    Plaintiff seeks to represent the following Class and subclass:

> THE CLASS: All persons within the United States who received a non-emergency telephone call on their cellular telephone initiated by Defendant, or anyone acting on Defendant's behalf, through the use of an automatic telephone dialing, for which Plaintiff and the Class did not give prior express consent, from December 28, 2012 through the present.

> > SUBCLASS: All persons within the United States who received a non-emergency telephone call on their cellular telephone initiated by Defendant, or anyone acting on Defendant's behalf, through the use of an automatic telephone dialing, for which Plaintiff and the Class did not give prior express consent and were not the intended recipient, from December 28, 2012 through the present.

30.     Plaintiff is a member of, and seeks to represent, the Class and Subclass. Excluded

from the Class are Defendant, and its affiliates, subsidiaries, agents, board members, directors, officers, and/or employees.

31.     Plaintiff reserves the right to modify or amend these proposed Class definitions prior and up to the time when the Court determines whether certification is appropriate.

32.     **Numerosity:**   The individual class members are so numerous that joinder of all members is impracticable.   Although the precise number of Class members is presently known only to Defendant, and thus cannot be ascertained by Plaintiff until the parties conduct discovery, the Class is virtually certain to include thousands or persons (and likely includes a far greater number of persons), a number which is impracticable to consolidate.

33.     The identities of the individual class members, including their names and addresses, are readily ascertainable through Defendant's records as the software and hardware used by Defendant, or those acting on Defendant's behalf, to initiate phone calls to Plaintiff and the Class using an automated dialer maintains such data.

34.     Plaintiff does not anticipate any difficulties in the management of the action as a class action.

35.     **Commonality:**   There are questions of law and fact that are common to Plaintiff's and the Class Members' claims.   These common questions predominate over any questions that go particularly to any individual member of the Class.   Among such common questions of law and fact are the following:

a.      Whether Defendant made calls to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system;

b.      Whether Defendant obtained prior express consent from Plaintiff and the Class to call their cellular phones using an automatic telephone dialing system;

c.    Whether Defendant obtained prior express written consent from Plaintiff and the Class to call their cellular phones using an automatic telephone dialing system;

d.    Whether Defendant's calls to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system were for emergency purposes;

e.    Whether Defendant's calls to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system were intended for recipients other than the respective member of the Class;

f.    Whether Defendant's conduct was knowing and/or willful;

g.    Whether Defendant is liable for damages, and the amount of such damages; and

h.    Whether Defendant should be enjoined from engaging in such conduct in the future.

36.    **Typicality:**  Plaintiff is a member of the proposed Class and, Plaintiff's claims are typical of the claims of the Class because of the similarity, uniformity, and common purpose of Defendant's unlawful conduct in calling Plaintiff and the Class, using an automated dialer without their prior express consent, for non-emergency purposes. Each Class member has sustained, and will continue to sustain, damages in the same manner as Plaintiff as a result of Defendant's wrongful conduct.

37.    **Adequacy of Representation:**  Plaintiff is an adequate representative for the Class and will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorous prosecution of this action, and has retained competent counsel who are experienced in class action litigation and, in particular, consumer-related class actions.   There is no hostility between Plaintiff and the other members of the Classes.

38.    Plaintiff has retained the law firm of Wites & Kapetan, P.A. to prosecute this action.   The firm is highly experienced in handling class action litigation matters and has the

financial and other resources to meet the substantial costs and complex litigation issues inherent in this matter.

39.     **Requirements of Fed. R. Civ. Proc. 23(b)(3):**     The questions of fact and law in Plaintiff's and the Class' claims predominate over any questions of fact and law applicable to any individual member of the Classes.   Due to the nature of the common questions of fact and law, a class action is the superior method for resolving these issues.

40.     Specifically, a class action is superior because the issues relating to the Defendant's liability can be resolved on a class-wide basis, leaving only the issues of calculation of each Class member's individual damages.

41.     Plaintiff is not aware of any pending litigation concerning these issues brought by any other plaintiff.   Due to the size of each Class member's claims, there is no reason to believe that individual Class members would wish to prosecute individual actions.

42.     **Superiority:**     A class action is superior to individual actions because of the following non-exhaustive factors:

a.      Each Class member's claim may only include one, or perhaps a few, phone calls that violate the TCPA, thus making it impractical for plaintiffs to proceed individually with their claims because it would be financially prohibitive for each Class member to maintain a separate action;

b.      Joinder of the Class members would be impracticable due to the number of anticipated Class members and would create a hardship in the management of the case;

c.      There are no known individual Class members who wish to prosecute their claims on their own;

d.      Resolution of the Class members' claims on an individual basis would run the risk of inconsistent legal rulings and judgments;

e.      The interests of justice would be best served by resolution of all of the Classes' claims in one judicial forum; and

f.      There are no anticipated management problems in handling this matter as a class action.

43.     **Requirements of Fed. R. Civ. Proc. 23(b)(1) & (2):**   Prosecuting each Class member's claims separately would result in a significant risk of inconsistent legal rulings and/or judgments which would create incompatible standards of conduct for the Defendant.

44.     Furthermore Defendant has acted in a similar manner, employing consistent business practices, such that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

45.     Plaintiff repeats the allegations set forth in paragraphs 1 through 44 above as if fully restated herein.

46.     Defendant, or others acting at its request, placed non-emergency telephone calls to Plaintiff's and the Class' cellular telephones using an automatic telephone dialing system in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

47.     Defendant did not obtain the express consent of Plaintiff or the Class to place phone calls to their cellular phones using an automatic telephone dialing system.

48.     Defendant knowingly and intentionally violated the TCPA by placing phone calls to Plaintiff's and the Class' cellular phone using an automatic telephone dialing system.

49.     Plaintiff and the Class seek an injunction to enjoin Defendant's violation of the TCPA.   47 U.S.C § 227 (b)(3)(A).

50.     Plaintiff and the Class seek, for each of Defendant's violation of the TCPA, $500 for the respective member of the Class.   Plaintiff and the Class also seek for each of

Defendant's violations of the TCPA, all of which are willful or knowing, an additional $1,000 for the respective member of the Class, for a total of $1,500 for each of Defendant's violations of the TCPA. 47 U.S.C § 227 (b)(3)(B).

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and the Class against Defendant.

## REQUEST FOR CLASS-WIDE RELIEF

Wherefore, Plaintiff prays for judgment and relief, on behalf of himself and the Class, and against Defendant as follows:

A.    Certifying this action as a class action as set forth herein and designating Plaintiffs as the Class Representative of, and his attorneys as class counsel for, the Class described above;

B.    Awarding damages, as detailed above, on behalf of Plaintiff and the Class members in an amount to be proved at trial, including but not limited to damages for each of Defendant's violations of the TCPA as to the Class;

C.    Entering a PERMANENT INJUNCTION restraining and enjoining Defendant, and Defendant's successors, assigns, officers, agents, servants, employees and any other person in active concert or participation with Defendant, from engaging in the acts or practices complained of herein, in including a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's and the Class' cellular telephone using an automatic telephone dialing system without their prior express consent;

D.    Awarding Plaintiff and the Class all expenses, costs and disbursements incident to the prosecution of this action, including reasonable attorneys' fees; and

Wites & Kapetan, P.A.
4400 North Federal Highway, Lighthouse Point, FL   33064
(954) 570-8989 (phone); (954) 354-0205 (fax)

E.    For such other and further relief as allowed by law and/or as is equitable under the circumstances.

**REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues so triable as a matter of right.

Dated: December 28, 2016

Respectfully submitted,

**WITES & KAPETAN, P.A.**
Attorneys for Plaintiff and the Class
4400 North Federal Highway
Lighthouse Point, FL 33064
954-570-8989/954-354-0205 (fax)
By: **/s/ Marc A. Wites**
      MARC A. WITES
      Fla. Bar No.: 24783
      mwites@wklawyers.com


STEVEN C. HOLZMAN
Fla. Bar No. 667617
scholzman@gmail.com
**LAW OFFICES OF STEVEN C. HOLZMAN**
Attorney for Plaintiff
4400 North Federal Highway
Lighthouse Point, FL   33064
Phone: 561-789-5366